UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZELL ANDERSON, JR. Doing Business As, Mom's Choice Meats,<br><br>               Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA; KEVIN CONCANNON, Undersecretary for Food, Nutrition and Consumer Services; UNITED STATES DEPARTMNT OF AGRICULTURE; JOCELYN KEH, Section Chief, Supplemental Nutrition Assistance Program, Food and Nutrition Service, United States Department of Agriculture, and their successors in office,<br><br>               Defendants. | No.  2:14-cv-02307 JAM CKD<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

    This matter is before the Court on Plaintiff Ezell Anderson, Jr.'s ("Plaintiff") Ex Parte Motion for a Temporary Restraining Order ("TRO") (Doc. #2).[1]  Defendant United States of America, on behalf of the United States Department of Agriculture

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  No hearing was scheduled.

1

1   ("Defendant" or "USDA"), filed an opposition (Doc. #9).  For the

2   reasons stated below, Plaintiff's application for a TRO is

3   DENIED.

4                               OPINION

5          A.    Legal Standard

6          Federal Rule of Civil Procedure 65 provides authority to

7   issue either preliminary injunctions or temporary restraining

8   orders.  A plaintiff seeking a preliminary injunction must

9   demonstrate that it is "[1] likely to succeed on the merits,

10  [2] that he is likely to suffer irreparable harm in the absence

11  of preliminary relief, [3] that the balance of equities tips in

12  his favor, and [4] that an injunction is in the public interest."

13  Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052

14  (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 129

15  S. Ct. 365, 374 (2008)).  The requirements for a temporary

16  restraining order are the same.  Stuhlbarg Int'l Sales Co. v.

17  John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  A

18  TRO is an emergency measure, intended to preserve the status quo

19  pending a fuller hearing on the injunctive relief requested, and

20  the irreparable harm must therefore be clearly immediate.  Fed.

21  R. Civ. Proc. 65(b)(1).

22         B.    Analysis

23         Having reviewed Plaintiff's application for a TRO, the Court

24  concludes that Plaintiff has failed to establish a likelihood of

25  success on the merits.  Plaintiff alleges that his procedural due

26  process rights have been violated, because "after the initial

27  disqualification Mom's Choice ha[d] to immediately cease

28  transacting EBT transactions without recourse; the regulations

                                    2

1 prohibit a stay of a disqualification due to trafficking pending

2 both administrative and judicial review; and the rules and

3 regulations bar Mom's Choice from obtaining compensation for the

4 period during a wrongful disqualification."  TRO at 2.

5     This argument has been foreclosed by the Ninth Circuit.  In

6 Kim v. United States, the Ninth Circuit considered a nearly

7 identical case, in which the USDA had permanently disqualified

8 the plaintiff from participating in the food stamp program,

9 following a charge of trafficking.  Kim v. United States, 121

10 F.3d 1269, 1271 (9th Cir. 1997).  The Ninth Circuit rejected

11 Plaintiff's procedural due process argument: "Nor were Kim's

12 procedural due process rights infringed.  A trial de novo, in

13 which the existence of a violation is examined afresh, and the

14 parties are not limited in their arguments to the contents of the

15 administrative record, satisfies the strictures of procedural due

16 process."  Kim, 121 F.3d at 1274.   The Ninth Circuit's

17 controlling decision in Kim clearly precludes Plaintiff from

18 establishing a likelihood of success on the merits.  For this

19 reason, Plaintiff's application for a TRO is DENIED.  This order

20 does not affect Plaintiff's request for a preliminary injunction,

21 and the parties may set a hearing date in compliance with the

22 Local Rules.

23     IT IS SO ORDERED.

24 Dated: October 7, 2014

25

26 JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

27

28

3