UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZELL ANDERSON, JR., | No. 2:14-cv-2307 JAM CKD PS |
| Plaintiff, | |
| v. | ORDER |
| USDA, et al., | |
| Defendants. | |

Pending before the court is defendants' motion for evidentiary sanctions. Because oral argument is not of material assistance, this matter is submitted on the briefs. E.D. Cal. L.R. 230(g). Upon review of the documents in support, no opposition having been timely filed,[1] and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Defendant moves for evidentiary sanctions against plaintiff due to plaintiff's refusal to answer certain questions at deposition. Under Federal Rule of Civil Procedure 37(b)(2)(A)(ii), "[i]f a party ... fails to obey an order to provide or permit discovery," the court may "prohibit[ ] the disobedient party from …introducing designated matters in evidence." In this case, plaintiff was ordered to appear for a continued deposition, and plaintiff was warned at least twice that if he

---

[1] Because plaintiff had not timely filed opposition, the matter was continued and plaintiff was afforded additional time to file opposition. Plaintiff was cautioned that failure to file opposition would result in granting of the relief requested on the motion. ECF No. 53. Plaintiff failed to file opposition within the additional time allowed.

1

did not answer questions about his "suggestion" to the USDA or Form AD-287, evidentiary sanctions could be imposed.  Plaintiff expressly stated he understood the warning provided, and then chose not to answer any questions regarding the limited topics at his continued deposition, i.e., his "suggestion" to the USDA and Form AD-287.  Plaintiff's voluntary decision not to answer questions on the designated topics at his continued deposition prejudices the ability of the United States to defend this action, for which the most appropriate sanction that is reasonably related to the plaintiff's refusal to answer questions at his court-ordered continued deposition as to his "suggestion" and Form AD-287 is to exclude any evidence relating to these topics in any motions or at trial.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing date of September 28, 2016 on defendants' motion for evidentiary sanctions is vacated.

2. Defendants' motion (ECF No. 50) is granted.

3. Plaintiff is precluded from mentioning, referencing, or introducing any evidence regarding his "suggestion" or Form AD-287 in any future motions or at trial in this action.

Dated: September 9, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 anderson2307.subm.evidsanc