UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZELL ANDERSON, JR., | No. 2:14-cv-2307 JAM CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Defendant's motion for summary judgment came on regularly for hearing on October 26, 2016. Dale McKinney appeared for plaintiff. Alyson Berg appeared telephonically for defendant. Upon review of the documents in support and opposition,[1] upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff challenges his permanent disqualification from the Supplemental Nutrition Assistance Program ("SNAP"). In the second amended complaint, plaintiff challenges the decision of the Food and Nutrition Service ("FNS") to permanently disqualify plaintiff, doing business as Mom's Choice Meats, from participating in SNAP. ECF No. 14. Plaintiff was disqualified based on the actions of his employee, Dave Donovan, who engaged in trafficking

---

[1] Because plaintiff's counsel was substituted in the day before the hearing, the court granted counsel an additional week to file supplemental opposition. The court has considered the supplemental briefing in issuing the findings and recommendations.

1

(i.e. exchanging cash for SNAP benefits). In the second amended complaint, plaintiff seeks <u>de novo</u> review of the finding by FNS that he violated the program. In addition, plaintiff challenges the decision to permanently disqualify plaintiff from the program as arbitrary and capricious.[2]

Defendant moves for summary judgment. Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u>

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials

---

[2] Although in the second amended complaint plaintiff alleges that the decision to permanently disqualify plaintiff is arbitrary and capricious, plaintiff raises no argument in the opposition to the motion for summary judgment regarding this issue. Defendant has established that the regulatory criteria were adhered to, no exceptions are applicable in the circumstances of this case, and that the decision to permanently disqualify plaintiff from participation in SNAP was neither arbitrary nor capricious. <u>See</u> 7 U.S.C. § 2021(b)(3)(B) (store must be permanently disqualified on first trafficking violation); 7 U.S.C. § 2021(a), 7 C.F.R. § 278.6 (exception from permanent disqualification if store owner submits request for civil money penalty and submits substantial evidence demonstrating store established effective compliance policy and program to prevent violations); see also ECF No. 51-2, Defendant's Statement of Undisputed Facts, nos. 18, 20, 21.

of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party,  see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

A bifurcated standard of review is employed in determining the validity of the administrative decision.  "Whereas the FNS finding that a firm violated the Food Stamp Act is

reviewed de novo, review of the sanction imposed by the FNS is governed by the arbitrary and capricious standard." Wong v. United States, 859 F.2d 129, 132 (9th Cir. 1988); see also 7 U.S.C. § 2023(a). Plaintiff here bears the burden of proof by a preponderance of the evidence that the violation did not occur. See Kim v. United States, 121 F.3d 1269, 1271 (9th Cir. 1997); see also Kahin v. United States, 101 F. Supp. 2d 1299, 1303 (S.D. Cal. 2000) (only one instance of coupon trafficking sufficient to establish violation; plaintiff challenging agency decision bears burden of raising material issue as to legitimacy of challenged transaction); Warren v. United States, 932 F.2d 582, 586 (6th Cir. 1991) (burden of proof on store to establish by preponderance of evidence the invalidity of the challenged administrative action).

Under the governing statute and regulations, a single instance of trafficking[3] is sufficient for permanent disqualification from the Food Stamp Program, even where the owner of the store is not personally involved in, knows of, or benefits from an employee's trafficking. See Kim v. United States, 121 F.3d 1269, 1273 (9th Cir. 1997); see also 7 U.S.C. § 2021(b)(3)(B) (store must be permanently disqualified on first trafficking violation); 7 C.F.R. § 278.6(e)(1)(i) (owner is responsible for personnel); Traficanti v. United States, 227 F.3d 170, 174-175 (4th Cir. 2000) (strict liability regime to ensure that owner, who is in best position to prevent fraud, has sufficient incentive to stop employees from stealing from government). The trafficking transaction that serves as the basis of disqualification need not occur on the premises of plaintiff's store if done by personnel of the SNAP-authorized retailer. See Bakal Bros., Inc. v. United States, 105 F.3d 1085, 1089 (6th Cir. 1997); see also Joudeh v. U.S., 783 F.2d 176 (10th Cir. 1986) (trafficking away from premises of store). Personnel include both paid and unpaid clerks, unpaid volunteers, and helpers. See id. (definition of "personnel" includes unpaid clerk that stocked store and exchanged cash for food stamp benefits in parking lot adjacent to store without store owner's knowledge); see also Abboud, Inc. v. Glickman, 156 F.3d 1228 (6th Cir. 1998) (unpaid clerk); Burch v. United States Dep't Agriculture, 174 F. App'x 328, 330-33 (6th Cir. 2006) (unpaid volunteers).

---

[3] Trafficking is defined as "buying or selling" food stamp coupons for "cash or other considerations other than eligible food." 7 C.F.R. §271.2

Defendant contends that plaintiff cannot meet his burden of demonstrating that the charge of trafficking, for which plaintiff was disqualified, was a legitimate sale. In opposition to the motion, plaintiff asserts that the USDA did not follow long established practice, policy and procedures.[4] Plaintiff cites other USDA SNAP cases in which he contends the other suspected violators were treated differently than plaintiff. Plaintiff's arguments are unavailing. Plaintiff fails to adduce competent evidence establishing a dispute of material fact regarding the trafficking by Dave Donovan, plaintiff's employee, that was the basis of plaintiff's disqualification from SNAP.

It is undisputed that an undercover investigator for FNS made a legitimate electronic benefits transfer ("EBT") of $160 for a case of beef from plaintiff's employee, Donovan. ECF No. 51-2, Defendant's Statement of Undisputed Facts, no. 10. Thereafter, the investigator went with Donovan to a nearby gas station and Donovan exchanged $70 in cash, using a manual voucher to reflect an EBT sale of $140 for a case of chicken. Id., no. 11. Plaintiff acknowledges in his opposition that he processed the voucher seeking reimbursement for Donovan's purported "sale." ECF No. 58, Exh. E. Plaintiff knowingly processed the voucher for the $140 sale and paid Donovan a commission for that sale. ECF No. 51-2, nos. 12, 13, 14. Proceeds of $140 from the trafficking transaction were deposited into the bank account for plaintiff's store. ECF No. 51-6 at p. 7. Plaintiff does not dispute that he, as the sole owner of Mom's Choice Meats, was responsible for Donovan's actions. ECF No. 51-2, nos. 3, 4.

Plaintiff here fails to demonstrate a material dispute of fact regarding the existence of the trafficking by plaintiff's personnel, for which plaintiff was permanently disqualified from the program. The undisputed facts demonstrate that plaintiff paid a commission to Donovan for the purported sale and that plaintiff received full reimbursement from the trafficking transaction.

---

[4] Defendant objects to plaintiff's Exhibits B(1) and D as immaterial, inadmissible and prejudicial. The objections are well taken and sustained. Exhibit B(1) is a power point presentation from the Office of the Inspector General. The power point presentation is immaterial to plaintiff's burden of overcoming the finding of trafficking. In addition, the exhibit has not been properly authenticated and was produced for the first time in the opposition to the motion for summary judgment. Exhibit D is a website article. This exhibit is subject to the same objections.

Under these circumstances, permanent disqualification was appropriate pursuant to 7 U.S.C. § 2021(b)(3)(B). Defendant is therefore entitled to summary judgment.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 51) be granted; and

2. Judgment be entered for defendant and this action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 anderson2307.57